1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JACK STUPPIN,                                        Case No. C-10-4114 EMC

        Plaintiff,

    v.                                              **ORDER RE COURT'S PROPOSED JURY INSTRUCTIONS**

GAMBLING ARTISTS COLORS CO.,

        Defendant.
_____/

      On February 5, 2013, the parties submitted proposed jury instructions to the Court.  The Court has considered the views of the parties, and after reviewing the relevant law and model jury instructions, proposes the following jury instructions.  The parties shall file any objections to the Court's proposed jury instructions by **4:00 p.m. on March 1, 2013.**

      IT IS SO ORDERED.

Dated: February 26, 2013

_____
EDWARD M. CHEN
United States District Judge

1

**[PRELIMINARY INSTRUCTIONS]**

**JURY INSTRUCTION NO. 1.1B**

**DUTY OF JURY**

Ladies and gentlemen: You are now the jury in this case.  It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.1B.

Court Notes: The parties stipulated to Ninth Circuit Model Civil Jury Instruction No. 1.1*A*, which is where the Court gives a written copy of the preliminary instructions to the jury.  For preliminary instructions, it is not necessary for the jury to have a copy.

**JURY INSTRUCTION NO. [1.2]**

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This is a complaint for breach of express and implied warranties, negligence, and strict liability.  Plaintiff, Jack Stuppin, is an artist based in Sebastopol, California.  Defendant, Gamblin Artist Colors ("Gamblin"), is a manufacturer of artist paints and mediums in Portland, Oregon.  One of the mediums manufactured by Gamblin is a product called Galkyd.  Galkyd is a paint medium used to level brush strokes, create strong flexible paint film, and leave an enamel-like glossy finish. Mr. Stuppin used the material as a final coat on several large landscape paintings.  Several of the paintings have developed a yellowing of the Galkyd material.

Mr. Stuppin contends this is Gamblin's fault.

Gamblin disputes this contention and contends that the yellowing is not its fault.


Authority: 9th Cir. Model Civil Jury Instruction No. 1.2.


Court Notes: The parties stipulated to this instruction.  This instruction is different from the Ninth Circuit model in that it does not make reference to Mr. Stuppin's burden of proving his claims. However, this is a fair omission since, *e.g.*, for the strict liability and negligence claims, Gamblin has the burden of proving comparative fault on the part of Mr. Stuppin.

**JURY INSTRUCTION NO. [104]**

**NONPERSON PARTY**

A corporation, Gamblin, is a party in this lawsuit.  Gamblin is entitled to the same fair an impartial treatment that you would give to an individual.  You must decide this case with the same fairness that you would use if you were deciding the case between individuals.

When I use words like "person" or "he" or "she" in these instructions to refer to a party, those instructions also apply to Gamblin.

Authority: CACI 104.

Court Notes: The parties stipulated to this instruction.  The Court, however, has modified the title of the instruction.  The parties' stipulated instruction was titled "Prejudice to Entity."  But the CACI instruction is titled "Nonperson Party."  The Court has opted to change the title so that it is consistent with CACI.

1

**JURY INSTRUCTION NO. [105]**

2

**INSURANCE**

3        You must not consider whether any of the parties in this case has insurance.  The presence or

4   absence of insurance is totally irrelevant.  You must decide this case based only on the law and the

5   evidence.

6

7   Authority: CACI 105.

8

9   Court Notes: The parties stipulated to this instruction.  The Court, however, has moved the

10   placement of the instruction.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. [1.3]**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true. After weighing all of the evidence, if you cannot decide that something is more likely to be true than not true, you must conclude that the party did not prove it.

You should base your decision on all of the evidence, regardless of which party presented it.

Authority: 9th Cir. Model Instruction No. 1.3 (modified).

Court Notes: The parties stipulated to Ninth Circuit Model Instruction No. 1.3. Gamblin has also asked the Court to give a second instruction on the burden of proof based on CACI 200. The Court has used the Ninth Circuit model but modified the instruction to include one sentence from CACI 200 – *i.e.*, "After weighing all of the evidence, if you cannot decide that something is more likely to be true than not true, you must conclude that the party did not prove it." With this inclusion, there is no need to give a second instruction on the burden of proof.

**JURY INSTRUCTION NO. [1.6]**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.


Authority: 9th Cir. Model Civil Jury Instruction No. 1.6.


Court Notes: The parties stipulated to this instruction.

# JURY INSTRUCTION NO. [1.7]

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses. What they will say in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.


Authority: 9th Cir. Model Civil Jury Instruction No. 1.7.


Court Notes: The parties stipulated to this instruction.

1

**JURY INSTRUCTION NO. [203]**

2

~~PARTY HAVING POWER TO PRODUCE BETTER EVIDENCE~~

3       ~~You may consider the ability of each party to provide evidence.  If a party provided weaker~~

4  ~~evidence when it could have provided stronger evidence, you may distrust the weaker evidence.~~

5

6  Authority: CACI 203; Cal. Evid. Code § 412 ("If weaker and less satisfactory evidence is offered

7  when it was within the power of the party to produce stronger and more satisfactory evidence, the

8  evidence offered should be viewed with distrust.").

9

10  Court Notes: Gamblin has asked for this instruction; Mr. Stuppin has objected.  The Court agrees

11  with Mr. Stuppin that the instruction should not be given, particularly as it is predicated on the

12  California Evidence Code which is not controlling here.  Gamblin, of course, is free to argue to the

13  jury that Mr. Stuppin could have provided better evidence.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. [205]**

~~**FAILURE TO EXPLAIN OR DENY EVIDENCE**~~

~~You may consider whether a party failed to explain or deny some unfavorable evidence.~~
~~Failure to explain or to deny unfavorable evidence may suggest that the evidence is true.~~

Authority: CACI 205; Cal. Evid. Code § 413 ("In determining what inferences to draw from the evidence or facts in the case against a party, the trier of fact may consider, among other things, the party's failure to explain or to deny by his testimony such evidence or facts in the case against him, or his willful suppression of evidence relating thereto, if such be the case.").

Court Notes: Gamblin has offered this instruction; Mr. Stuppin has objected.  Consistent with the above, the Court agrees that the instruction should not be given but that Gamblin is free to argue such to the jury.

**JURY INSTRUCTION NO. [1.8]**

**EVIDENCE FOR A LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.8.

Court Notes: The parties stipulated to this instruction.

**JURY INSTRUCTION NO. [1.9]**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.9.

Court Notes: The parties stipulated to this instruction.

**JURY INSTRUCTION NO. [1.10]**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.10.

Court Notes: The parties stipulated to this instruction.

**JURY INSTRUCTION NO. [1.11]**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness's testimony;

(6)     the reasonableness of the witness's testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.


Authority: 9th Cir. Model Civil Jury Instruction No. 1.11.


Court Notes: The parties stipulated to this instruction.

14

**JURY INSTRUCTION NO. [1.12]**

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials;

15

1              and do not make any investigation or in any other way try to learn

2              about the case on your own.

3    The law requires these restrictions to ensure the parties have a fair trial based on the same evidence

4    that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes

5    the fairness of these proceedings, and a mistrial could result that would require the entire trial

6    process to start over.  If any juror is exposed to any outside information, please notify the court

7    immediately.

8

9    Authority: 9th Cir. Model Civil Jury Instruction No. 1.12.

10

11   Court Notes: The parties stipulated to this instruction.

1    **JURY INSTRUCTION NO. [116]**

2    **WHY ELECTRONIC COMMUNICATIONS AND RESEARCH ARE PROHIBITED**

3        I know that many of us are used to communicating and perhaps even learning by electronic

4    communications and research. However, there are good reasons why you must not electronically

5    communicate or do any research on anything having to do with this trial or the parties.

6        In court, jurors must make important decisions that have consequences for the parties.  Those

7    decisions must be based only on the evidence that you hear in this courtroom.

8        The evidence that is presented in court can be tested; it can be shown to be right or wrong by

9    either side; it can be questioned; and it can be contradicted by other evidence.  What you might read

10   or hear on your own could easily be wrong, out of date, or inapplicable to this case.

11       The parties can receive a fair trial only if the facts and information on which you base your

12   decisions are presented to you as a group, with each juror having the same opportunity to see, hear,

13   and evaluate the evidence.

14       Also, a trial is a public process that depends on disclosure in the courtroom of facts and

15   evidence.  Using information gathered in secret by one or more jurors undermines the public process

16   and violates the rights of the parties.

17

18   Authority: CACI 116.

19

20   Court Notes: The parties stipulated to this instruction.  Although it is somewhat duplicative of the

21   prior Ninth Circuit model instruction, the Court shall give the instruction because the parties

22   stipulated to it and because additional emphasis to the jury may be of some benefit.

23

24

25

26

27

28

**JURY INSTRUCTION NO. [1.13]**

**NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.


Authority: 9th Cir. Model Civil Jury Instruction No. 1.13.


Court Notes: The parties stipulated to this instruction.

# JURY INSTRUCTION NO. [1.14]

## TAKING NOTES

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you.  When you leave, your notes should be left in the jury room. No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.14.

Court Notes: The parties stipulated to this instruction.

**JURY INSTRUCTION NO. [1.18]**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.18.

Court Notes: The parties stipulated to this instruction.

**JURY INSTRUCTION NO. [1.19]**

**OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.19.

Court Notes: The parties stipulated to this instruction.

**JURY INSTRUCTION NO. [2.2]**

The parties have agree to certain facts that will be read to you.  You should therefore treat these facts as having been proved.

1.     Gamblin manufactured the product Galkyd and is in the business of selling Galkyd to the retail artist community.

2.     Within a reasonable time after discovering the damaged paintings, Mr. Stuppin notified Gamblin of the problem he encountered.

3.     Mr. Stuppin purchased Galkyd from an authorized dealer and used it as a final coat on the 22 damaged paintings.

4.     Several conservators have determined that Galkyd is removable but not in a financially reasonable way or without removing some of the original paint from the surface of the painting.

Authority: 9th Cir. Model Civil Jury Instruction No. 2.2.

Court Notes: The parties stipulated to this instruction.

The Court notes that, in their joint pretrial conference statement, the parties had one additional undisputed fact – *i.e.*, "Temperatures in Sebastopol in May 2009 were as on the attached spreadsheet [Appendix F to the joint pretrial conference statement]."  Docket No. 64 (Joint PTC St. at 2).  It is not clear how the parties intend to handle presenting this stipulation to the jury.

**JURY INSTRUCTION NO. [2.4]**

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of witness Amy Bennett was taken on March 28, 2012, and of witness Catherine McMurray on February 12, 2012.  Both will appear by a video of their deposition.  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Authority: 9th Cir. Model Civil Jury Instruction No. 2.4.

Court Notes: The parties stipulated to a modified version of the Ninth Circuit model instruction. Given the parties' stipulation, the Court assumes that the only depositions that will be offered as evidence are those of Ms. Bennett and Ms. McMurray.  Assuming such, the Court has modified the parties' stipulated instruction – *i.e.*, to cut out the sentence "Do not place any significance on the behavior or tone of voice of any person reading the questions or answers."  That sentence is used when a video deposition is not being shown and counsel and/or a third party is reading the deposition aloud.  Naturally, if a video deposition is being shown, the jury is allowed to take into account the witness's demeanor, etc.  *See* 9th Cir. Model Civil Jury Instruction No. 1.11.

**JURY INSTRUCTION NO. [2.11]**

**EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Authority: 9th Cir. Model Civil Jury Instruction No. 2.11.

Court Notes: The parties stipulated to this instruction.

**JURY INSTRUCTION NO. [221]**

**CONFLICTING EXPERT TESTIMONY**

If the expert witnesses disagreed with one another, you should weigh each opinion against the others.  You should examine the reasons given for each opinion and the facts or other matters that each witness relied on.  You may also compare the experts' qualifications.

Authority: CACI 221.

Court Notes: The parties stipulated to this instruction.

1

**JURY INSTRUCTION NO. [220]**

2

**HYPOTHETICAL QUESTIONS**

3          The law allows expert witnesses to be asked questions that are based on assumed facts.

4  These are sometimes called "hypothetical questions."

5          In determining the weight to give to the expert's opinion that is based on the assumed facts,

6  you should consider whether the assumed facts are true.

7

8  Authority: CACI 220.

9

10  Court Notes: Gamblin has asked for this instruction; Mr. Stuppin has objected, stating: "We are not

11  aware of any hypotheticals asked of experts, either in their reports or from depositions, such that it is

12  likely to be confusing to the jury.  We are aware of no Federal jury instruction in this regard."  The

13  Court does not see the harm in the instruction, especially because a party may want to use a

14  hypothetical on the opposing party's expert.  Just because a hypothetical was not asked of the

15  opposing party's expert during the deposition does not mean that it cannot be done now.

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. [223]**

**OPINION TESTIMONY OF LAY WITNESS**

A witness who is not testifying as an expert may give an opinion during the trial.  You may, but are not required to, accept that opinion.  You may give the opinion whatever weight you think is appropriate.

Consider the extent of the witness's opportunity to perceive the matters on which the opinion is based, the reasons the witness gave for the opinion, and the facts or information on which the witness relied in forming that opinion.  You must decide whether information on which the witness relied was true and accurate.  You may disregard all or any part of an opinion that you find unbelievable, unreasonable, or unsupported by the evidence.

Authority: CACI 223.

Court Notes: The parties stipulated to CACI 223.  The Court has modified the instruction slightly – *i.e.*, to use the future tense ("may give") rather than the past tense ("gave").

**JURY INSTRUCTION NO. [2.12]**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Authority: 9th Cir. Model Civil Jury Instructions Nos. 2.12.

Court Notes: The parties stipulated to this instruction.  The Court assumes that this instruction is being tendered because of the recordings made by the thermometer that Mr. Stuppin placed in his storage building.  This instruction is dependent on evidence being admitted at trial.

**[FINAL INSTRUCTIONS]**

**JURY INSTRUCTION NO. [1.3]**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Authority: 9th Cir. Model Instruction No. 1.3.

Court Notes: The parties stipulated to this instruction.

**JURY INSTRUCTION NO. ____**

**CLAIMS ASSERTED BY PLAINTIFF**

Mr. Stuppin has asserted the following claims against Gamblin:

1.     Strict liability (failure to warn).

2.     Negligence.

3.     Breach of express warranty.

4.     Breach of implied warranty of merchantability.

5.     Breach of implied warranty of fitness.


Authority: N/A.


Court Notes: The Court has included this instruction just so that the jury will have a roadmap as to the instructions that follow.

**JURY INSTRUCTION NO. [430]**

**DEFINITION – "SUBSTANTIAL FACTOR IN CAUSING HARM"**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

Authority: CACI 430.

Court Notes: The parties have stipulated to this instruction.  The Court has moved the location of this instruction, however, as well as changed its title because "substantial factor in causing harm" is an element that shows up in multiple claims.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. [1200]**

**STRICT LIABILITY – ESSENTIAL FACTUAL ELEMENTS**

Mr. Stuppin claims that he was harmed by a product manufactured by Gamblin – *i.e.*, Galkyd – that did not include sufficient instructions or warning of potential risks.

Authority: CACI 1200.

Court Notes: The parties stipulated to this instruction. The Court has modified the parties' stipulated instruction slightly – *i.e.*, to include the specific reference to Galkyd.

1

**JURY INSTRUCTION NO. [1205]**

2

**STRICT LIABILITY – FAILURE TO WARN – ESSENTIAL FACTUAL ELEMENTS**

3       Mr. Stuppin claims that Gamblin's product, Galkyd, lacked sufficient instructions or warning

4 of potential risks.  To establish this claim, Mr. Stuppin must prove all of the following:

5 1.     That Gamblin manufactured Galkyd (the parties have stipulated to this fact);

6 2.     That Galkyd had potential risks that were known or knowable in light of the scientific

7        knowledge that was generally accepted in the scientific community at the time of

8        manufacture;

9 3.     That the potential risks presented were substantial when Galkyd is used or misused in an

10        intended or reasonably foreseeable way;

11 4.     That ordinary consumers would not have recognized the potential risks;

12 5.     That Gamblin failed to adequately warn or instruct of the potential risks;

13 6.     That Mr. Stuppin was harmed; and

14 7.     That the lack of sufficient instructions or warning was a substantial factor in causing Mr.

15        Stuppin's harm.

16

17 Authority: CACI 1205.

18

19 Court Notes: The parties have offered competing versions of this instruction.  In general, Mr.

20 Stuppin's version is more appropriate.

21       For example, in (3) above, Gamblin refers to potential risks presenting "a substantial

22 danger."  While that is the language that is used in CACI 1205, it does not really have applicability

23 to the case at hand because yellowing of a painting is not dangerous per se – it is just undesirable.

24       The other main dispute is with respect to (2) above.  Mr. Stuppin's version makes reference

25 to potential risks that were known *or knowable* in light of the scientific knowledge at the time;

26 Gamblin's version simply refers to risks that were known (not knowable) and makes no reference to

27 scientific knowledge.  Because Gamblin has provided no explanation as to why Mr. Stuppin should

28 not be allowed to proceed with a "knowable" theory, the Court adopts Mr. Stuppin's version (which

largely adheres to the language used in CACI 1205).  *See* CACI 1205 (providing as the second element: "That the [product] had potential [risks/side effects/allergic reactions] that were [known/ [or] knowable in light of the [scientific/ [and] medical] knowledge that was generally accepted in the scientific community] at the time of [manufacture/distribution/sale]").

**JURY INSTRUCTION NO. [1244]**

**AFFIRMATIVE DEFENSE FOR STRICT LIABILITY <u>AND</u> NEGLIGENCE CLAIMS –
SOPHISTICATED USER**

Gamblin claims that it is not responsible for any harm to Mr. Stuppin based on a failure to warn because Mr. Stuppin is a sophisticated user of Galkyd. To succeed on this defense, Gamblin must prove that, at the time of the injury, Mr. Stuppin, because of his particular position, training, experience, knowledge, or skill, knew or should have known of Galkyd's risk, harm, or danger.

Authority: CACI 1244.

Court Notes: The parties stipulated to this instruction.  However, the Court has modified the title of the instruction.  The CACI instruction is simply labeled "Affirmative Defense – Sophisticated User." The Court has added language to make clear that the affirmative defense may apply to both the strict liability claim and the negligence claim.  *See Johnson v. American Standard, Inc.*, 43 Cal. 4th 56, 71 (2008) (stating that, "although California law recognizes the difference between negligence and strict liability causes of action, the sophisticated user defense is applicable to both"; adding that "there is little functional difference between the two theories in the failure to warn context"); *Chavez v. Glock, Inc.*, 207 Cal. App. 4th 1283, 1304 (2012) (taking note of sophisticated user affirmative defense and stating that it "applies both to a cause of action that a failure to warn resulted in strict liability and a cause of action that a failure to warn was negligent").

35

**JURY INSTRUCTION NO. [1245]**

**AFFIRMATIVE DEFENSE FOR STRICT LIABILITY <u>AND</u> NEGLIGENCE CLAIMS –**

**PRODUCT MISUSE**

Gamblin claims that it is not responsible for Mr. Stuppin's claimed harm because Galkyd was misused after it left Gamblin's possession.  To succeed on this defense, Gamblin must prove that:

1.      Galkyd was misused after it left Gamblin's possession; and

2.      The misuse was so highly extraordinary that it was not reasonably foreseeable to Gamblin, and therefore should be considered as the sole cause of Mr. Stuppin's harm.


Authority: CACI 1245.


Court Notes: The parties stipulated to this instruction.  As above, the Court has modified the title of the instruction.  The CACI instruction is simply titled "Affirmative Defense – Product Misuse."  The product misuse defense seems to show up more in strict liability cases but there should be no reason why it could not also apply in a products liability negligence case.  The affirmative defense is really the flip side of the element that the P has to prove – *i.e.*, that the potential risks presented were substantial when Galkyd is used or misused in an intended or reasonably foreseeable way.

1

## JURY INSTRUCTION NO. [1207A]

2

## AFFIRMATIVE DEFENSE FOR STRICT LIABILITY <u>AND</u> NEGLIGENCE CLAIMS –

3

## COMPARATIVE FAULT OF PLAINTIFF

4          Alternatively, Gamblin claims that Mr. Stuppin's own negligence contributed to his harm.

5   To succeed on this claim, Gamblin must prove both of the following:

6   1.     That Mr. Stuppin negligently misused Galkyd; and

7   2.     That this negligence was a substantial factor in causing Mr. Stuppin's harm.

8          If Gamblin proves the above, Mr. Stuppin's damages are reduced by your determination of

9   the percentage of Mr. Stuppin's responsibility.  I will calculate the actual reduction.

10

11   Authority: CACI 1207A.

12

13   Court Notes: The parties stipulated to this instruction.  As above, the Court has modified the title of

14   the instruction.  The CACI instruction is titled "Strict Liability – Comparative Fault of Plaintiff."

15   But comparative fault is a concept applicable in negligence law, not just strict liability.  *See, e.g.*,

16   CACI 405 (comparative fault instruction for general negligence claim); CACI VF-1204 (verdict

17   form for products liability claim based on a negligence theory).

18          The Court has also modified the instruction to include the word "alternatively."  *See* CACI

19   1207A (directions for use) (in discussing comparative fault, noting that "[u]nforeseeable misuse . . .

20   can be a *complete defense* if it is the *sole cause* of the plaintiff's harm") (emphasis added).

21

22

23

24

25

26

27

28

37

**JURY INSTRUCTION NO. [1220]**

**NEGLIGENCE – ESSENTIAL FACTUAL ELEMENTS**

Mr. Stuppin also claims that he was harmed by Gamblin's negligence and that Gamblin should be held responsible for that harm.  To establish this claim, Mr. Stuppin must prove all of the following:

1.      That Gamblin manufactured the product, Galkyd (the parties have stipulated to this fact);

2.      That Gamblin was negligent in designing or manufacturing Galkyd;

3.      That Mr. Stuppin was harmed; and

4.      That Gamblin's negligence was a substantial factor in causing Mr. Stuppin's harm.


Authority: CACI 1220.


Court Notes: Mr. Stuppin has offered this instruction; Gamblin has objected.  The Court agrees that the instruction should not be given because it is suggestive of a design defect or manufacturing defect claim.  Also, there is already an instruction (upcoming) on negligent failure to warn, which is the actual theory that Mr. Stuppin is working under.  *See* Docket No. 64 (Joint PTC St. at 5) (stating that "[i]t is disputed whether Defendant was negligent for a failure to warn").

For similar reasons, the Court shall not give CACI 1221 either (an instruction that Mr. Stuppin has offered and that Gamblin has objected to).  CACI 1221 addresses what the basic standard of care is where a company is negligent in, *e.g.*, designing or manufacturing a product – not for a failure to warn.

**JURY INSTRUCTION NO. [1222]**

**NEGLIGENCE – MANUFACTURER OR SUPPLIER – DUTY TO WARN – ESSENTIAL FACTUAL ELEMENTS**

Mr. Stuppin claims that Gamblin was negligent by not using reasonable care to warn or instruct about the Galkyd's risks or about facts that made use of Galkyd likely to be risky.  To establish this claim, Mr. Stuppin must prove all of the following:

1.   That Gamblin manufactured the product, Galkyd;

2.   That Gamblin knew or reasonably should have known that Galkyd posed a risk when used or misused in a reasonably foreseeable manner;

3.   That Gamblin knew or reasonably should have known that users would not realize the risk;

4.   That Gamblin failed to adequately warn of the risk or instruct on the safe use of Galkyd;

5.   That a reasonable manufacturer under the same or similar circumstances would have warned of the risk or instructed on the safe use of Galkyd;

6.   That Mr. Stuppin was harmed; and

7.   That Gamblin's failure to warn or instruct was a substantial factor in causing Mr. Stuppin's harm.


Authority: CACI 1222.


Court Notes: The parties have stipulated to this instruction.

1

**JURY INSTRUCTION NO. [401]**

2

~~**NEGLIGENCE – BASIC STANDARD OF CARE**~~

3      ~~Negligence is the failure to use reasonable care to prevent harm to oneself or to others.~~

4      ~~A person can be negligent by acting or by failing to act.  A person is negligent if he or she~~

5  ~~does something that a reasonably careful person would not do in the same situation or fails to do~~

6  ~~something that a reasonably careful person would do in the same situation.~~

7      ~~You must decide how a reasonably careful person would have acted in [name of~~

8  ~~plaintiff/defendant's] situation.~~

9

10  Authority: CACI 401

11

12  Court Notes: Gamblin has offered this instruction; Mr. Stuppin has objected.  This instruction is

13  unnecessary because the basic standard of care is already in the above instruction (CACI 1222).

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

40

1      **JURY INSTRUCTION NO. [1230]**

2      **EXPRESS WARRANTY – ESSENTIAL FACTUAL ELEMENTS**

3          Mr. Stuppin claims that he was harmed by the product, Galkyd, because Gamblin

4   represented, either by words or actions, that Galkyd was safe to use as a clear, colorless glazing and

5   unifying medium, but Galkyd was not as represented.  To establish this claim, Mr. Stuppin must

6   prove all of the following:

7   1.      That Gamblin made a statement of fact received by Mr. Stuppin that (a) Galkyd was safe to

8           use as a clear or colorless glazing and unifying material or that (b) Galkyd would not yellow

9           over time or that (c) Galkyd was a fine technique to use as a glaze;

10  2.      That Galkyd did not perform as stated or promised;

11  3.      That Mr. Stuppin took reasonable steps to notify Gamblin within a reasonable time that

12          Galkyd was not as represented, whether or not Gamblin received such notice (the parties

13          have stipulated to this fact);

14  4.      That Mr. Stuppin was harmed; and

15  5.      That the failure of Galkyd to be as represented was a substantial factor in causing Mr.

16          Stuppin's harm.

17          Formal words such as "warranty" or "guarantee" are not required to create a warranty.  It is

18  also not necessary for Gamblin to have specifically intended to create a warranty.  But a warranty is

19  not created if Gamblin simply stated the value of the goods or only gave its opinion of or

20  recommendation regarding the goods.

21

22  Authority: CACI 1230.

23

24  Court Notes: Mr. Stuppin has offered this instruction; Gamblin has objected.  Gamblin's objection is

25  rejected.  According to Gamblin, "Plaintiff must choose one description of the alleged express

26  warranty and cannot proceed on three separate alternatives."  Docket No. 60 (Proposed Jury

27  Instructions at 49).  But Gamblin has no real authority to support this claim.  Furthermore, even if

28

that were the case, the model instruction does not bar a plaintiff from asserting that the defendant made *more than one* statement of fact.

**JURY INSTRUCTION NO. [1231]**

**IMPLIED WARRANTY OF MERCHANTABILITY – ESSENTIAL FACTUAL ELEMENTS**

      Mr. Stuppin also claims that he was harmed by the product, Galkyd, that he bought from Gamblin because Galkyd did not have the quality that a buyer would expect.  To establish this claim, Mr. Stuppin must prove all of the following:

1.     That Mr. Stuppin bought Galkyd from Gamblin (the parties have stipulated to this fact);

2.     That, at the time of purchase, Gamblin was in the business of selling these goods or held itself out as having special knowledge or skill regarding these goods;

3.     That Galkyd:

    (a)     was not fit for the ordinary purposes for which such goods are used; or

    (b)     did not conform to the promises or affirmations of fact made on the container or label if any;

4.     That Mr. Stuppin took reasonable steps to notify Gamblin within a reasonable time that Galkyd did not have the expected quality (the parties have stipulated to this fact);

5.     That Mr. Stuppin was harmed; and

6.     That the failure of Galkyd to have the expected quality was a substantial factor in causing Mr. Stuppin's harm.

Authority: CACI No. 1231.

Court Notes: The parties stipulated to this instruction.

**JURY INSTRUCTION NO. [1232]**

**IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE – ESSENTIAL FACTUAL ELEMENTS**

Mr. Stuppin claims that he was harmed by the product, Galkyd, that he bought from Gamblin because Galkyd was not suitable for Mr. Stuppin's intended purpose.  To establish this claim, Mr. Gamblin must prove all of the following:

1. That Mr. Stuppin bought Galkyd from Gamblin (the parties have stipulated to this fact);

2. That, at the time of purchase, Gamblin knew or had reason to know that Mr. Stuppin, or a consumer like him, would intend to use Galkyd for a particular purpose in the manner it was used by Mr. Stuppin;

3. That, at the time of purchase, Gamblin knew or had reason to know that Mr. Stuppin, or consumers like him, would rely on its skill and judgment to select or furnish a product that was suitable for the particular purpose;

4. That Mr. Stuppin justifiably relied on Gamblin's skill and judgment;

5. That Galkyd was not suitable for the particular purpose;

6. That Mr. Stuppin took reasonable steps to notify Gamblin within a reasonable time that Galkyd was not suitable (the parties have stipulated to this fact);

7. That Mr. Stuppin was harmed; and

8. That the failure of Galkyd to be suitable was a substantial factor in causing Mr. Stuppin's harm.


Authority: CACI 1232 (modified).


Court Notes: Mr. Stuppin has offered this instruction; Gamblin has objected.  Gamblin's main argument is that a claim for breach of the implied warranty of fitness requires vertical privity of contract.  Mr. Stuppin takes the opposite position, as reflected in part by his modification of the model instruction to refer to "consumers like him."

1    The parties provided supplemental briefing on the vertical privity issue on February 13,

2    2013.

3    As a preliminary matter, the Court takes into account that there are actually two implied

4    warranties – an implied warranty of merchantability and an implied warranty of fitness.  At issue is

5    only the latter, *i.e.*, the implied warranty of fitness.

6    Under California law, there are actually two different statutory provisions that provide for an

7    implied warranty of fitness.

8    •    California Commercial Code § 2315 is titled "Implied warranty; Fitness of particular

9    purpose."  It provides as follows: "Where the seller at the time of contracting has reason to

10    know any particular purpose for which the goods are required and that the buyer is relying on

11    the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or

12    modified under the next section an implied warranty that the goods shall be fit for such

13    purpose."  Cal. Comm. Code § 2315.

14    •    California Civil Code § 1792.1 is titled "Manufacturer's implied warranty of fitness for

15    particular purpose."  It provides as follows: "Every sale of consumer goods that are sold at

16    retail in this state by a manufacturer who has reason to know at the time of the retail sale that

17    the goods are required for a particular purpose and that the buyer is relying on the

18    manufacturer's skill or judgment to select or furnish suitable goods shall be accompanied by

19    such manufacturer's implied warranty of fitness."  Cal. Civ. Code § 1792.1 (emphasis

20    added).  Basically, § 1792.1 extends the implied warranty of fitness from simply the seller (§

21    2315) to a manufacturer.  (California Civil Code § 1792.2(a) also extends the implied

22    warranty to a retailer and distributor.)

23    As to § 2315, Mr. Stuppin concedes that there is a vertical privity requirement.  This is

24    supported by the statutory language – *i.e.*, "[w]here the seller at the time of contracting."  Mr.

25    Stuppin notes, however, that there are exceptions to the privity requirement which are applicable

26    here – *i.e.*, where a plaintiff relies on the manufacturer's promotional materials.  *See, e.g.*, *Burr v.*

27    *Sherwin Williams Co.*, 42 Cal. 2d 682, 695-96 (1954) (stating that "[t]he general rule is that privity

28    of contract is required in an action for breach of either express or implied warranty and that there is

45

1    no privity between the original seller and a subsequent purchaser who is in no way a party to the

2    original sale"; but adding that one "possible exception to the general rule is found in a few cases

3    where the purchaser of a product relied on representations made by the manufacturer in labels or

4    advertising material"); *Fieldstone Co. v. Briggs Plumbing Prods., Inc.*, 54 Cal. App. 4th 357, 371

5    (1997) (noting that vertical privity is a prerequisite for recovery on theory of breach of implied

6    warranties of fitness and merchantability, but adding that "privity is not required where plaintiff

7    relied on defendant's promotional materials").

8           In its brief, Gamblin fails to take into account this exception to the privity requirement.  To

9    the extent Gamblin argues that the implied warranty claim cannot be brought because it did not have

10   reason to know of Mr. Gamblin's particular purpose, that again fails to take into account the

11   exception to the privity requirement.

12          As for whether there is a privity requirement for the other California statute – *i.e.*, § 1792.1

13   (which is part of the Song-Beverly Consumer Warranty Act), Mr. Stuppin contends that there is

14   none, and the Court is inclined to agree.  On its face, the statute does not contain a privity

15   requirement.  In fact, the whole purpose of the statute seems to be to extend the implied warranty

16   beyond the seller and to the manufacturer.  *See Keith v. Buchanan*, 173 Cal. App. 3d 13, 25 (1985)

17   (noting that § 2315 provides for an implied warranty of fitness as between the seller and buyer and

18   that the Song-Beverly "Consumer Warranty Act makes such an implied warranty applicable to

19   retailers, distributors, and manufacturers").  As Mr. Stuppin points out, many federal district courts

20   have concluded that, where the implied warranty claim is based on § 1792.1, there is no privity

21   requirement.  *See, e.g.*, *Keegan v. American Honda Motor Co.*, 838 F. Supp. 2d 929, 946-47 & n.54

22   (C.D. Cal. 2012) (citing cases which have held that "the act did away with the vertical privity

23   requirements that apply to implied warranty causes of action").

24          To the extent Gamblin relies on CACI 1232 to argue that there is a vertical privity

25   requirement, it should be noted that the comments to the model instruction reference § 2315 but fail

26   to mention § 1792.1.

27          While, at the end of the day, the Court agrees with Mr. Stuppin, his proposed instruction

28   needs to be reworked somewhat.  Below is the Court's proposed instruction:

Mr. Stuppin claims that he was harmed by the product, Galkyd, that he bought because the product was not suitable for his intended purpose.  To establish this claim, Mr. Stuppin must prove all of the following:

1.   That Mr. Stuppin bought Galkyd from a retailer;

2.   That, at the time of purchase, Gamblin knew or had reason to know that Galkyd was used by consumers for a particular purpose;

3.   That, at the time of purchase, Gamblin knew or had reason to know that consumers were relying on its skill and judgment to select or furnish a product that was suitable for the particular purpose;

4.   That Mr. Stuppin used Galkyd for the particular purpose;

5.   That Mr. Stuppin justifiably relied on Gamblin's skill and judgment;

6.   That Galkyd was not suitable for the particular purpose;

7.   That Mr. Stuppin took steps to notify Gamblin within a reasonable time that Galkyd was not suitable (the parties have stipulated to this fact);

8.   That Mr. Stuppin was harmed; and

9.   That the failure of Galkyd to be suitable was a substantial factor in causing Mr. Stuppin's harm.

**JURY INSTRUCTION NO. [5.1]**

**DAMAGES – PROOF**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Mr. Stuppin, you must determine his damages.  Mr. Stuppin has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate Mr. Stuppin for any injury you find was caused by Gamblin.

Mr. Stuppin has requested damages for losses to personal property, so-called property damages.  Mr. Stuppin has also requested damages for future economic damages.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Authority: 9th Cir. Model Civil Jury Instruction No. 5.1.

Court Notes: The parties have submitted competing instructions.  Basically, the parties' instructions are the same except that Mr. Stuppin includes the sentence that he has requested future economic damages while Gamblin excludes that sentence.

The sentence should be included.  Gamblin has not filed a motion in limine asking the Court to rule, as a matter of law, that future economic damages are not proper.  Gamblin, of course, is still free to argue to the jury that the future damages are, *e.g.*, too speculative.  At this point, it is not entirely clear what future economic damages Mr. Stuppin is seeking – *e.g.*, damages to reputation, damages to paintings that have not yet yellowed but may, etc.

48

1

**JURY INSTRUCTION NO. [3925]**

2

**ARGUMENTS OF COUNSEL NOT EVIDENCE OF DAMAGES**

3      The arguments of the attorneys are not evidence of damages. Your award must be based on

4  your reasoned judgment applied to the testimony of the witnesses and the other evidence that has

5  been admitted during trial.

6

7  Authority: CACI 3925.

8

9  Court Notes: The parties have stipulated to this instruction.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. [3.1]**

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.


Authority: 9th Cir. Model Civil Jury Instruction No. 3.1.


Court Notes: The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. [15.31]**

**HOW JURORS SHOULD APPROACH THEIR TASK**

The attitude and conduct of jurors at the beginning of deliberations are very important.  It is rarely helpful for a juror, on entering the jury room, to express an emphatic opinion on the case or to announce a determination to stand for a certain verdict.  When one does that at the outset, a sense of pride may be aroused, and one may hesitate to change a position even if shown that it is wrong. Remember that you are not partisans or advocates in this matter.  You must be impartial judges of the facts.

Authority: BAJI No. 15.31.

Court Notes: The parties have stipulated to this instruction.  Although it is somewhat duplicative of the preceding instruction, the Court shall give it in light of the parties' stipulation.

**JURY INSTRUCTION NO. [3.2]**

**COMMUNICATION WITH THE COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

Authority: 9th Cir. Model Civil Jury Instruction No. 3.2.

Court Notes: The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. [3.3]**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.


Authority: 9th Cir. Model Civil Jury Instruction No. 3.3.


Court Notes: The parties stipulated to this instruction.

**JURY INSTRUCTION NO. [3.2A]**

**READBACKS OR PLAYBACK**S

If during jury deliberations a request is made by the jury or juror for a readback of a portion or all of a witness's testimony, and the court in exercising its discretion determines after consultation with legal counsel that a readback should be allowed, the committee recommends the following admonition be given in open court with both sides and the defendant present:

> Because a request has been made for a [readback] [playback]
> of the testimony of [witness's name] it is being provided to you, but
> you are cautioned that all [readbacks] [playbacks] run the risk of
> distorting the trial because of overemphasis of one portion of the
> testimony.  [Therefore, you will be required to hear all the witness's
> testimony on direct and cross-examination, to avoid the risk that you
> might miss a portion bearing on your judgment of what testimony to
> accept as credible.]  [Because of the length of the testimony of this
> witness, excerpts will be [read] [played].]  The [readback] [playback]
> could contain errors.  The [readback] [playback] cannot reflect matters
> of demeanor [, tone of voice,] and other aspects of the live testimony.
> Your recollection and understanding of the testimony controls.
> Finally, in your exercise of judgment, the testimony [read] [played]
> cannot be considered in isolation, but must be considered in the
> context of all the evidence presented.

In *United States v. Newhoff*, 627 F.3d 1163 (9th Cir. 2010), the court underscored the need to take certain precautionary steps when an excerpt or entire testimony of a witness is requested by a deliberating jury.  The court endorsed the "general rule" that when such a request is made and the trial court, in exercising its discretion, grants the request after consultation with the parties, it should require the jury to hear the readback in open court, with counsel for the parties and the defendant present after giving the admonition set out above, unless the defendant has waived the right to be present.

Authority: 9th Cir. Model Civil Jury Instruction No. 3.2A.

Court Notes: The parties stipulated to this instruction.